Moncure, J.
This is a writ of error to a judgment of the Circuit court of Cumberland, rendered in April last, convicting the prisoner William H. Dowdy of grand larceny, and sentencing him to imprisonment in the penitentiary for one year. The indictment contains ten counts, in each of which the subject of the larceny is stated to be “ eleven hundred and forty pounds of tobacco, of the value of one hundred dollars,” but each of which is different from the others in some incidental circumstance. The first is a common count for larceny, stating the owner of the property to be a person to the jurors unknown. The next six *728 are for receiving stolen tobacco, knowing it to have been stolen. And the last three are for aiding John • Bailey, a free man of color, in concealing stolen tobacco, knowing it to have been stolen. In all of the ' last nine, the property is stated to have been stolen by a person to the jurors unknown. In three of them it is stated as the property of Hathaniel M. Osborne, in the other three as the property of George McGlasson, and in the other three as the property of a person to the jurors unknown. In three of the six counts for receiving, the property is stated to have been received •of John Bailey, a free man of color; and in the other three of a person to the jurors unknown. All of the counts except the first are upon the 19th section, chap. 192, p. 729 of the Code, which is in these words: “If any free person buy or receive from another person, or aid in concealing, any stolen goods or 'other thing, knowing the same to have been stolen, he shall be deemed guilty of larceny thereof, and may be proceeded against, although the principal offender be not convicted.” On the arraignment of the jrrisoner, and when the indictment was read to him, and before he had pleaded thereto, he moved the court to cpiash each count of the indictment; which motion the court overruled. He then moved the court to quash the whole indictment; which motion the court also overruled. And to the opinions of the court overruling said motions, the prisoner severally excepted. He then demurred generally to the indictment and each count thereof; but the court overruled the demurrer, and he then pleaded not guilty. The prisoner was tried and found guilty; and exceptions were taken to sundry opinions given by the court on the trial; but as the verdict was set aside and a new trial granted, it is unnecessary to take any notice of these exceptions.
On the second trial of the cause, four bills of excep *729 tions to opinions of the court given on the' said trial, were made part of the record. The first states, that on the trial of the case, before the jury were sworn, and before they were charged, the prisoner moved the court to compel the attorney for the commonwealth to elect under which count or counts of the indictment he would prosecute the prisoner; but the court overruled the motion, and permitted the said attorney to prosecute under the whole indictment. The second is in regard to a motion of the prisoner to strike the name of John M. Hammontree from the panel of twenty-four jurors; which was overruled by the court, but which it is unnecessary to notice any further. The third states, that after the persons summoned under the first venire facias had been examined, the court failing to make up the panel of twenty-four out of the persons so summoned, directed the sheriff to call the bystanders; among whom Robert H. Amos was called, sworn and examined by the court, and upon such examination stated that he was a freeholder in a county adjoining Cumberland, but was a resident, though not a freeholder in Cumberland: and the prisoner excepted to the said Amos because he was not a freeholder in the county of Cumberland, and not qualified according to law; but the court overruled the exception, decided that he was a juror free from exception, and placed him on the panel of twenty-four. The fourth states, that after the persons summoned under the first venire facias had been examined, the court failing to make up the panel of twenty-four out of the persons so summoned, directed a second venire to summon sixty persons from the body of the county; on which second venire John M. Shepherd was summoned, and being sworn and examined by the court, he stated that he was not a freeholder; and the prisoner challenged the said Shepherd because he was not a freeholder and qualified as a juror according to law; but the court *730 overruled the said challenge, decided that he was a juror free from exception, and placed him on the said -panel of twenty-four. The prisoner was afterwards tried an(j again found guilty; and moved the court for a new trial, because the verdict was contrary to the law and the evidence. But the court overruled the motion, and the prisoner excepted, and his bill of exceptions was made a part of the record; but it is unnecessary to notice it any further.
I think there is no error in the several opinions of the Circuit court overruling the demurrer ; and overruling the motions of the prisoner to quash the indictment, and each count thereof; and to compel the attorney for the commonwealth to elect under which count or counts he would prosecute the prisoner. The law on this subject is thus laid down by Butter, J. in the case, cited in the argument, of Young v. The King, 3 T. R. 106 : “ In misdemeanors, the case in Burrow shows that it is no objection to an indictment that it contains several charges. The case of felonies admits of a different consideration ; but even in such cases it is no objection in this stage of the prosecution. On the face of an indictment eveiy count imports to be for a different offence, and is charged as at different times; and it does not appear on the record whether the offences are or are not distinct. But if it appear before the defendant has pleaded or the jury are charged, that he is to be tried for separate offences, it has been the practice of the judges to quash the indictment, lest it should confound the prisoner in his defence, or prejudice him in his challenge of the jury; for he might object to a juryman’s trying one of theoffences, though he might have no reason to do so in the other. But these are only matters of prudence and discretion. If the judge who tries the prisoner does not discover it in time, I think he may put the prosecutor to make his election on which charge he *731 will proceed.” — “ But if the case has gone to the length of a verdict, it is no objection in arrest of judgment. If it were it would overturn every indictment which-contains several counts.” In the case of Kane v. The People, in the Court of errors of New York, 8 Wend. R. 211, the law is thus stated by the chancellor : “In cases of felony, where two or more distinct and separate offences are contained in the same indictment, the court, in its discretion, may quash the indictment or compel the prosecutor to elect upon which charge he will proceed; but in point of law, it is no objection that two or more offences of the same nature and upon which the same or a similar judgment may be given, are contained in different counts of the same indictment. It therefore forms no ground of a motion in arrest of judgment; neither can it be objected by way of demurrer, or on a writ of error. It is every day’s practice to charge a felony in different ways in several counts, for the purpose of meeting the evidence as it may come out upon the trial; each of the counts on the face of the indictment purports to be for a distinct and separate offence, and the jury very frequently find a general verdict on all the counts, although only one offence is proved; but no one ever supposed that formed a ground for arresting the judgment. If the different counts are inserted in good faith, for the purpose of meeting a single charge, the court will not even compel the prosecutor to elect; and in the case of mere misdemeanors which are only punishable by fine or imprisonment, the prosecutor is permitted to join, and try several distinct offences in the same indict-ment.” To the same effect is the opinion of the Supreme court of Pennsylvania in The Commonwealth v. Gillespie, 7 Serg. & Rawle 479. See also 1 Chitty’s Crim. Law, 249, cited by the counsel for the prisoner and the opinion of Fry, J. in Mowbray's case, 11 Leigh 649. Each count in the indictment in. this, case is a *732 good count; and each being for felony, there is no misjoinder; and the demurrer, therefore, was rightly overruled. Whether the court should have quashed the indictment, or compelled the prosecutor to elect on which count or counts he would proceed, depends upon whether the charges in the different counts “ are actually distinct,” in the language cited by the counsel from Chitty, “ and may confound the prisoner or distract the attention of the jury.” There are some cases of felony in which, even though the charges are distinct, the prisoner would not be confounded or the attention of the jury distracted ; and in which, therefore, the charges may properly be included in the same indictment and tried together: As, for example, the case of forging and uttering the same instrument, which are distinct offenees, and yet are often charged in different counts of the same indictment. The People v. Rynders, 12 Wend. R. 425 ; The People v. Gates, 13 Wend. R. 311; 2 Va. Cas. 337 ; Huffman’s case, 6 Rand. 685 ; Page’s case, 9 Leigh 683 ; Mowbray’s case, 11 Leigh 643. In the case first cited the court said, “ That there would be an incongruity in incorporating in the same indictment offences of a different character, such, for instance, as forgery and perjury, cannot be denied; and that in such case a court would refuse to hear a trial upon both, there can be no doubt; but when offences of the same character, differing only in degree, are united in the same indictment, the prisoner may and ought to be tried on both charges at the same time. Such is this case. The prisoner was indicted for forging the check, and also for publishing it as true knowing it to be false. These are different offences, and punished with different degrees of severity, but were properly united both in the indictment and trial.”
But though there are cases of felony in which several charges, though distinct, may properly be included in *733 the same indictment, I know of no case in which the several counts of an indictment were all for the same offence, and were in themselves good counts, where the indictment or any of the counts has been quashed, or the prosecutor compelled to elect on which of them he would proceed. In the prosecution of offences against property, or otherwise particularly affecting individuals, it is generally necessary to state in the indictment, and prove on the trial, the name of the owner of the property, or of the person affected; or that he is a person to the jurors unknown, if that be the fact. But the doubts in regard to the ownership of property and names of persons, is often so great as to render it difficult or impossible for the prosecutor to know before hand how the matter will appear on the trial; and to prevent a variance on that merely incidental though necessary part of his case, he is allowed to vary the statement of the name in different counts. And the same may be said of other incidental circumstances not affecting the essence of the crime or changing its nature. In Mabry's case, 2 Va. Cas. 396, the prisoner had been examined before the examining court for stealing three bags of cotton of the goods and chattels of Nathaniel Land; and was indicted in two counts for stealing the goods and chattels, first of Nathaniel Land, and secondly of a person unknown. The prisoner on his arraignment, moved the court to strike out the second count, because he had not been examined for the offence therein charged. The court overruled the motion, and the prisoner was found guilty of the larceny mentioned in the second, and not guilty of that mentioned in the first count. Parker, J. in delivering the unanimous opinion of the General court denying a writ of error, said: “ The offence charged against the prisoner had, we think, been enquired into by the examining court. That offence was the larceny of three bags of cotton of a certain value. For this *734 criminal offence lie had been sent on to be tried in the Superior court. The property of the goods was merely an incident, and did not enter into the essence of the crime,” &c. In the case under consideration the counts of the indictment are all for the same offence, to wit, the larceny of “ eleven hundred and forty pounds of tobacco of the value of 100 dollars;” and they differ from each other only in the statement of names and other incidental circumstances. The statute under which all of them but the first was framed, declares that a person knowingly receiving, or aiding in concealing stolen goods, shall be deemed guilty of the larceny thereof. Code, 729, § 19. The common counts for larceny would alone have been sufficient in this case; and by relying solely on them, the great length of the indictment would have been avoided. It would then have contained but three instead of ten counts: That is, for the larceny of the goods and chattels, 1st, of Hath aniel M. Osborne, 2d, of Gfeorge McGrlasson, and 3dly, of a person unknown. But while that would have been the preferable course, there can be no legal objection to the one which was pursued. Indeed the prisoner’s counsel do not seem to object to the indictment, because it contains special counts for larceny in receiving and aiding in concealing stolen goods. Their objection goes to the difficulty arising from the ownership of the property as charged in the different counts of the indictment. “ One-half of the jury,” they say, “ may have believed the prisoner guilty of receiving, &c. the goods of Osborne; whilst the other half may have believed him entirely innocent of that charge, but guilty of receiving, &c. the goods of McGrlasson; and yet they unite in a general verdict of guilty.” How it is obvious that the same objection might be made to every indictment for larceny containing several counts, stating the ownership of the property as in different persons. It might have been made to the indictment *735 in Mabry’s case. In that case one-half of the jury might have believed the prisoner guilty of stealing three bags of .cotton of Nathaniel Land, and the othe half might have believed him guilty of stealing the property of a person unknown. But the possibility of such a state of things as that does not render the joinder of such counts improper, or make it proper to compel the prosecutor to elect. Of course the jury would not be authorized to find the prisoner guilty in such a case, without being all satisfied that at least one of the counts is sustained by the evidence; and the court ought so to instruct them, if required.
• But I think the Circut court erred in overruling the prisoner’s challege of John M. Shepherd because he was not a freeholder and qualified as a juror according to law. The 1st section of chap. 163 of the Code, p. 628, declares that “ no person shall be qualified to serve upon a petit jury in any proceeding, civil or criminal, unless he is 21 years of age, and owns property, real or personal, of the value of 100 dollars.” If that had been the only law on the subject of the qualification of petit jurors, the prisoner’s challenge of Shepherd would have been properly overruled. But there is another law, which, I think, superadds the freehold qualification in cases of felony. That law is to be found in chap. 208, p. 774 and 775 of the Code. Section 4 provides that, “In a case of felony, in which a writ of venire facias is necessary, the writ shall command the officer charged with its execution to summon twenty-four persons, freeholders of Ms county or corporation, residing remote from the place where the offence is charged to have been committed, and qualified in other respects to serve as jurors, to attend the court,” &c. The twenty-four persons to be summoned under the venire are thus required to have the qualification of a freehold, besides being “ qualified in other respects.” Section 9 provides that *736 “ when any jurors summoned under a writ of venire facias fail to attend, or are challenged for cause, or if the whole array be challenged, the court shall cause the other jurors to be summoned in the county or corporation, until a panel of twenty-four jurors, free from exception, be completed,” &c. Section 10 provides that, “ In a criminal case in a Superior court, if qualified jurors not exempt from serving, cannot be conveniently found in the county or corporation in which the trial is to be, the court may cause so many as may be necessary of such jurors to be summoned from any other county or corporation,” &c. It seems obviously to have been intended by the legislature that all the persons composing the panel of twenty-four jurors, whether summoned under the 4th, 9th or 10th sections aforesaid, should be freeholders, as well as qualified in other respects. Those summoned under the 4th section are, as before stated, expressly required to be freeholders. Why should not the rest be so too ? Could it have been intended that part should be freeholders while the other part might not be so ? The panel of twenty-four is rarely ever composed entirely of persons summoned under the original venire. So that if the freehold qualification was, as it seems to have been, considered important by the legislature, it would hardly in any case be more than partially secured by confining its requisition to the persons summoned under the original venire. But relative terms are used in the 9th and 10th sections, which plainly refer to the freehold qualification prescribed by the 4th, and imply that the jurors to be summoned under the former shall have that qualification as well as those summoned under the latter. Under the 9th section other jurors are required to be summoned in the county, &c. until the panel of jurors, free from exception, be completed ,* thus placing all the jurors on the panel on the same footing in regard to qualification *737 And under the 10th section jurors are to be summoned from another county, &c. only in case qualified jurors, &c. cannot be conveniently found in the county, &c. in which the trial is to be; thus showing that all the jurors, whether summoned in or out of the county of the trial, are to be qualified in all respects, and therefore freeholders. John M. Shepherd was not a freeholder, and therefore was not a qualified juror; and the prisoner’s challenge of him should have been sustained. He appears not to have been one of the twelve jurors that tried the prisoner, and must therefore have been one of the eight stricken from the panel by the prisoner, or was one of those not selected by lot. But this does not alter the case: The prisoner may have stricken him from the panel because the challenge was overruled. The case in this respect is somewhat like, though stronger than, Lithgow’s case, 2 Va. Cases 297, in which it was held that if the court erroneously overrule a prisoner’s challenge to a juror for favor, and then the prisoner peremptorily challenge the juror, the error of the court is not cured by the subsequent exclusion of the juror, although the prisoner had not exhausted his peremptory challenges even to the last. See also Sprouce’s case, Id. 375.
It is unnecessary to consider whether the court erred in overruling the prisoner’s motion to strike the name of John M. Hammontree from the panel of twenty-four jurors, or his challenge of Robert H. Amos, or his motion for a new trial. And without deciding those questions, I am for reversing the judgment, setting aside the verdict, and remanding the case for a new trial to be had therein.
The other judges concurred in the opinion of Moncure, J.
. Judgment reversed.